Sousan Loftian
149 Briarwood Ln
Laguna Hills, CA 92656
(949) 212-4714

Defendant, IN PRO PER

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 23 2011

CENTRAL DISTRICT OF CALI.
BY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

SUNCOAST NOVA LLC AS TRUSTEE FOR

BRIARWOOD TRUST #149

        Plaintiffs,

   vs.

SOUSAN LOFTIAN, AN INDIVIDUAL,

AND DOES 1-10, INCLUSIVE

      Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION No:

**SACV11-01486** JST (FMOx)

NOTICE OF REMOVAL AND STAY OF ACTION

Removed from Orange County
Superior Court of California
Case No. 30-2011-00498721

## DEFENDANT'S NOTICE OF REMOVAL

1.    Defendant SOUSAN LOFTIAN (hereinafter "Defendant") was forced to file this Federal Removal to stay an unlawful detainer summons filed against Defendant's home. Plaintiff was able to prevent Defendant from presenting evidence and facts to the court that would have proven constructive fraud had been committed against the State of California, the Orange County Recorders Office and the Limited Civil Division, Unlawful Detainer Section of the Orange County Superior Court.

2.    In the State Court of limited jurisdiction, Defendant is prevented in raising the issue of title, while Plaintiff can state that it has duly perfected title.

3.    Defendant was prevented from raising issues of constructive fraud violating Defendant's civil rights, equal protection under the law and due process rights.

4.    Defendant, alleging that Defendant is being denied and Can not enforce Defendant's rights to equal protection of the

Laws as a person under the discriminatory laws of the State of California, which facially and as applied by the California Superior Courts of Limited Jurisdiction are discriminatory, now files this notice of removal pursuant to 28U S.C.}}1332,1441,1443 and 1446, alleging as follows:

Defendant alleges that SUNCOAST NOVA LLC AS TRUSTEE FOR BRIARWOOD TRUST #149, and other entities that will be disclosed at trial, constructively conspired to defraud Defendant of Defendant's property.

5.    Standing Requirements.

6.    The U.S. Supreme Court has stated the standing requirement as follows: "To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior, and likely to be redressed by a favorable ruling. Legal standing truly rests its first prudential origins in **Fairchild v. Hughes**,(1922)

7.    A party facing prospective injury where the threatened injury is real, immediate, and direct, see, *e.g. Angeles vs Lyons*, 461 U.S.,95,102 Article III restricts Federal Courts to the resolution of cases and controversies. *Arizonans for Official English v. Arizona, 520.*

8.    The requirements that a claimant have "standing" is an

essential and unchanging part of the case- or controversy requirement of Article III. *Lujan v. Defenders of Wildlife*, 504 U.S.555,560(1992); SEE ALSO *Arizonans for Official English, supra*, at 64. To qualify for standing a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior, and likely to be redressed by a favorable ruling. *Lujan, supra*, at 560-561.

10.   "[S]tanding is not dispensed in gross. "*Lewis v.Casey*,518 U.S.343,358,n6(1996).Rather,"a plaintiff must demonstrate standing for each claim he seeks to press" and "for each form of relief" that is sought. *DaimlerChrysler Corp. v. Cuno*, 547 U.S.332,352(2006)(quoting *Friends of Earth*, supra, at 185)

9.   Standing is a "threshold question in every case, determining the power of the court to entertain the suit "*Warth v Seeding*,422 U.S.490,95S.Ct.2197,45 Led.2d343(1975). Hence,"a defect in standing cannot be waived; it must be raised, either by the parties or by the court, whenever it becomes apparent. "*U.S. v. AVX Corp.*,962F.2D 108,116n.7(1st Cir,1992).

Defendant contends that SUNCOAT NOVA LLC AS TRUSTEE FOR BRIARWOOD TRUST # 149, never purchased the

Property and perpetrated constructive fraud by filing a false trustee's Deed upon Sale, with the County Recorders Office.

10.   Diversity Jurisdiction exists where documents are wired or

mailed in interstate commerce and there is complete diversity between Plaintiffs and Defendants, as there is in this case, and where the amount in controversy exceeds $75,000.00

11.  Defendant must emphasize that there were times where Defendant was not served or notified of courtroom hearings regarding the foreclosure or eviction of Defendant's property. If it is true that the California Superior Court action seeks to recover *possession* of the property, this does not mean that there is no amount in controversy or that "*possession*" of the property in question is not worth far more than the $75,000.00 minimum required for diversity jurisdiction.

12.  Happily, a "Comment: Federal Jurisdiction: Amount in Controversy in suits for Non-Monetary Remedies", from the **California Law Review** of 1958 appears to address all possible concerns in Defendant's favor

The test of jurisdictional amount has been called the "pecuniary result to either party." ***Ronzio v. Denver & R.G.W.R.R.*** 116F.2D 604,6067 (10th Cir.1940), relying on ***Smith v. Adams***, 130 U.S.167,175(1889),and ***Elliott v. Empire Natural Gas Co.***, 4F.2d493,497,(8th Cir.1025). Presumably,"result" therefore refers to the damage either party would sustain in the event of an adverse decree. Limitations on the extent to which future damage may enter into calculation of the jurisdictional amount have therefore been suggested. One limitation distinguishes immediate or direct results (which may be valued) from collateral results

(which may not). *Healy v. Rat*ta,292 U.S.263,268(1934); *Elliott v. Empire Natural Gas Co.*,4F.2d493,497,(8th Cir.1025). But what constitutes a "collateral" as opposed to a "direct" result is uncertain. A similar difficult arises from a distinction between "primary" and "secondary" rights as testing jurisdictional mount.

(further citations omitted)

**California Law Review, Vol.46,No.4,(Oct.1958),pp.601-609**

13.  In a case for unlawful detainer/forcible eviction such as the present case, the "pecuniary result to either party" should be measured not by the amount of money which plaintiff seeks to extract from Defendant, but the value of the property of which Plaintiff seeks to deprive the Defendant of "possessLion." Defendant's house at: 149 BRIARWOOD LN. LAGUNA HILLS, CA. 92656 has a current market value, even in this depression, several times $75,000 in value.

16. If Defendant is correct in assuming that Plaintiff conducted a wrongful foreclosure and now seeks therefore to commit a wrongful eviction, there is no scenario where it can be said that SUNCOAST NOVA LLC AS TRUSTEE FOR BRIARWOOD TRUST #149, seeks a pecuniary result to the Defendant less Than $75,000.00, probably closer to $273,000.00.

14.  The requirements of 28 U.S.C.}1332,1441 and 1446 for removal have all been met and this Court should take note and sustain

this Court should take note and sustain this Notice of Removal on
grounds of diversity of citizenship and amount in controversy in
excess of $75,000.

15.  A completely separate and independent grounds for removal is
offered by and under 28 U.S.C.|1443, and seems particularly
relevant in that this is a case of "judgement without service" or
actual notice, meaning that even the bare minimum requirements of
due process of law were ignored in this case.

16.  The Supreme Court of the United States held in *Greenwood v.
Peacock* that under |1443(1) the vindication of the defendant's
federal rights is left to thhe state courts except in rare
situations where it can be clearly predicated by reason of
operation of a pervasive and explicit state or federal law that
those rights will inevitably be denied by the very act of
bringing the defendant to trial in the state court. *Georgia v.
Rachel,ante; Strauder v, West Virginia*, 100 U.S. 303." 384 U.S.
808,828,86 S.Ct.1800,1812, 16L.Ed.2d 944, 0957 (1966).

17.  In other words, Civil Rights Removal is an exception to the
rule of the "well-pleaded complaint", whereby removal to federal
court will be allowed only when the Plaintiff's complaint
expressly discloses grounds for federal jurisdiction.

18.  28 U.S.C.|1443(1) is designed to permit removal by
disadvantaged defendants from those in power who would oppress
them for membership in or adherence to beliefs making them part

of a "discrete insular,politically powerless minority".
Defendant's perspective of the state judicicial and general legal
environment created by a state legislature is uniquely empowered
and by this statute protected as an avenue by which to assert and
actually "defend" Constitutional rights which are systematically
trampled in state courts, such as but not limited to the
California Superior Courts of Limited Jurisdiction in the trial
of unlawful detainer cases following non-judicial foreclosures.

21. Accordingly 28 U.S.C. |1443 constitutes an expressly
authorized, in fact, specially mandated, exemption to the "well-
pleaded complaint rule" and U.S. District Judges making such
analyses and comparisons having plainly erred in confusing the
two forms of removal in their prior opinions, even in
relationship to the present. Defendants removal, which Defendant
prays that this U.S. District Court will not repeat in the
disposition of the present case. Compare for example, ***McCullough
v. Ligon***,430F.Supp.2d846,850(E.D.Ark.2006); ***Neal v. Wilson
112F.3d351,355(8th Cir.1997).***

19. Unlike the Defendant in Neal v. Wilson, Defendant can and
will at trial "show that there is a state law preventing him
{them} from raising his {their} federal claims in state court,
{and} further {they} has {have} shown the basis for an "equally
firm prediction that he {they} will be unable to protect his
{their} federal rights in state court." 112F.3d at 855. This is
especially true because of the recent cases of Gomes v.

Countrywide Cal.App.4th {No.D057005.Fourth Dist.Div.One Feb.18,
2011}


20.  WHERFORE AND ACCORDINGLY, Defendant hereby files this Notice
of Removal pursuant to 28 U.S.C.Ss1443(1) and 1447(b). Congress
in the Civil Rights Act of 1964 expressly authorized such renewed
notices of removal authorized by Congress under 28U.S.C.|1447(d)
which states that: An order remanding a case to the State Court
from which it was removed is not reviewable on appeal or
otherwise, except that an order remanding a case to the State
Court from which it was removed pursuant to section **1443** of this
title shall be reviewable by appeal or otherwise.

21.  This Notice of removal is timely in that the events, the
"order or other paper from which it may first be ascertained that
the case is one which is or has become removable" (28 U.S.C.
|1446(b) which triggered this removal, that triggering event
being the "Vacate Ruling".

22.  The California Superior Courts of Limited Jurisdiction,
especially those in Orange County, operate based on an
institutionalized predetermination of the outcome reflect a
pervasive state statutory program expressly designed to deny the
elderly (and all similarly situated parties) their equal
constitutional rights to equal access to the Courts and to make
and enforce contracts for the maintenance of interest in

property, which rights are guaranteed by the First, Fifth, Ninth and Fourteenth Amendments to the Constitution, as well as by Article I guarantee against state "impairment of the obligations of contract".

23.   The Orange County Sheriff's Department are always in English, never in large print or in Braille, and so not acknowledge the large Ethnic/Diversity-cultured people of Orange County.

24.   The Non-Judicial Mortgage Foreclosure and Quasi-Judicial (but essentially administrative, automatic, ministerially applied) Unlawful Detainer/Forcible Eviction Laws of the State of California are facially discriminatory in that they do not require large print or Braille texts of contracts or notices.

25.   The California Superior Courts, as a matter of expressly stated California statutory law and the customs, practices, and policies having the force of law interpreting and construing the same, never asked or required original Plaintiff to produce evidence or prove actual standing by assignment, power of attorney, deed, or transfer from any person ever in privity of contract with Defendant, the original purchasers of the property, this defendants was never given the opportunity to present evidence that could prove that constructive fraud was utilized to steal defendants property.

Defendant contends that SUNCOAST NOVA LLC AS TRUSTEE FOR

BRIARWOOD TRUST #149, never purchased said

Property as alleged in the Unlawful Detainer.

26.  These California statutes and the state-wide custom,

practice and policy REINFORCES AND SUSTAINS, rather than

undermines, the use and invocation of 28U.S.C.|1443(1) removal

under the above-cited language of **Greenwood v. Peacock** relating

to the Second Prong of the Two Prong Test of **Johnson v.**

**Mississippi**, namely that "Second, it must appear, in accordance

of |1443(1), that the removal Petitioner is "denied or cannot

enforce" the specified federal rights in the courts of the

state".

27.  Defendant submits that it is nothing short of judicially

abusive conduct that Defendant has been denied of Defendant's

right to present evidence showing (1) that the outcome of all

unlawful Detainer cases following non-judicial foreclosures is

uniformly fixed and predetermined patters required simultaneously

by California statutes, court rules and practices having the

force or effect of law relating to California statutes, court

rules and practices having the force or effect of law relating to

California mortgage lending, collection and enforcement, as well

as other official customs, practices and policies of the state

of California relating to credit extension and enforcement which

customs, practices, and policies have the force and effect of

written law, (2) that the statutes fixing and predetermining these non-judicial and judicial outcomes constitute an infringement of the rights to due process, equal protection and freed of contract under 42 U.S.C.|981 as well as the rights to due process, equal protection and freed of contract under 42U.S.C.|981 as well as the rights to own and benefit from the lawful use of property under 42 U.S.C.|1982 (if these statutes can possibly be construed in a racially neutral manner, which Defendant contends is not only possibly be construed in a racially neutral manner, which Defendant contends is not only possibly but mandatory, necessary and required by all modern civil rights law and jurisprudence), and (3) that the statutes, court rules, and state customs, practices and policies relating to uniformly arbitrary and capricious conduct of non-judicial foreclosure and judicial eviction proceedings concerning the state-assisted deprivation of private property, but movable and personal, as well as the wealth, the lives, and the intangible rights "of the people to be secure in their homes and papers" uniformly deny due process of law.

28. Indeed, California Superior Court Judges and Attorneys in Unlawful Detainer cases enjoy and exercise, as a matter of statute and official state policies such hopefully vague statutes as those creating "Deeds of Trusts" which are neither genuine deeds nor trusts, absolutely unbridled and hence utterly unconstitutional discretionary to arbitrary and capricious

judicial (and private attorney) action and decisions.

## CIVIL RIGHTS REMOVALS & CIVIL RIGHTS INJUNCTIONS

29.  Civil Rights removal under 28U.S.C. ||1443 & 1447(d) and Civil Rights Injunctions under 42 U.S.C.||1983 & 1988 may be closely related as exceptions to the "Anti-Injunction Act" 28 U.S.C. |2283 as follows:

30.  Defendants particularly urge this Court to consider a comprehensive reevaluation of the Civil Rights Injunction doctrine in *Dombrowski v. Pfister, Younger v. Harris*, and *Mitchum v. Foster*, alongside the Civil Rights Removal doctrine articulated in *Greenwood v. Peacock* and *Georgia v. Rachel*, because, in essence, statutory removals are treated as stays (injunctions) of state court proceedings under the anti-injunction act 28U.S.C. |2283, and a comprehensive and color-blind State-to-Federal Civil Rights jurisprudence has yet to be developed, but such a constitutional jurisprudence is clearly necessary in light of the recent history of the United States.

**|2283. Stay of Court Proceedings**

**A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its**

jurisdiction, or to protect or effectuate its judgments.

31. **Dombrowski v. Pfister**, 380 U.S.479,85 S.Ct.1116;14 L.Ed.22(1965) is one of a trio of cases, including, **Younger v. Harris**, 401 U.S.37;91 S.Ct.746; 27 L.Ed.2d669 (1971), culminating in **Mitchum v. Foster**, 407 U.S. 225; 92 S. Ct. 2151; 32 L.Ed2d 705 (1972), which specifically addresses the relationship between removals of all kinds (though not specifically civil rights removals) and civil rights actions for injunctions or stays against state court proceedings under 42 U.S.C. ||1983, 1988 and the anti-injunction act:

35.    By its exhaustive review of the legislative history of 42 U.S.C. |1983 *Mitchum* concludes unequivocally that civil rights injunctions against state court proceedings ARE "expressly authorized by Act of Congress" (namely |1983) and are therefore permitted under the anti-injunction act. **Dombrowski and Mitchum** both upheld Federal Court injunctions against state court proceedings on civil rights grounds, but all three cases emphasized the fact-specific inquiry which a District Court should make regarding the entry of an injunction against state court proceedings.

## SPECIFIC CALIFORNIA STATUTORY IMPAIRMENTS OF THE RIGHTS TO MAKE AND ENFORCE CONTRACTS

**For example, the Superior Courts of the State of**

**California do not require any proof of ownership or title to property prior to commencing eviction proceedings, nor of any proof of lawful compliance with California law regarding the structure of non-judicial foreclosures and the recording of sales and transactions relating to foreclosure**, so that it is possible for tortfeasors such as SUNCOAST NOVA LLC AS TRUSTEE FOR BRIARWOOD TRUST #149, and others similarly situated to hide or disguise transactions by insertion of certain errors (such as misspelled names) and omission of other critical evidence, such as sales prices or appraisals, which permit fraudulent transactions to take place.

36.Another example of the completely farcical nature of non-judicial foreclosure proceedings which take place in California routinely as a matter of state and local custom, practice and policy having the force of law is the fact that Judges do not uphold the California Rules of Civil Procedure section 367 (Real Party In Interest). Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute. See In re Foreclosure Cases, 521 S. Sup. 2d 650, 653 (S.D. Ohio 2007) (stating that, "[t]o show standing in a foreclosure action,…the plaintiff must show that it is the holder of the note and the mortgage is harmed usually by not having received payments on the note")

37.The eviction proceedings in this case were conducted in

secrecy and in stealth behind closed doors with no notice or other elementary due process of law in such a manner that Defendant was defrauded of the implied covenant of good faith and fair dealing, which was so extreme and outrageous as to constitute actual or constructive fraud on the part of SUNCOAST NOVA LLC AS TRUSTEE FOR BRIARWOOD TRUST #149.

38. Defendant is accordingly entitled to remove pursuant to 28 U.S.C. |1443 which provides that defendants may remove civil actions commenced in any state court where Defendant is prosecuted pursuant to a law all of which deny equal protection of the laws as well as substantive due process of law under the First, Fifth, Ninth and Fourteenth Amendments.

39. Venue is proper in the Central District of California, because (a) original Defendant resides within Orange County in the Western Division of the Central District of California and the case is removed from the Superior Court of the State of California in and for the Orange County, California, which exists within the territorial boundaries of the Western Division of the Central District and finally because all or a substantial part of the events or omissions giving rise to the claim, occurred within the Central District of California. Defendant will promptly file a copy of this notice of removal as a "Notice of Notice of Removal" with the clerk of the state court in the Superior Court

for the State of California in and for Orange County where the action was originally filed and has been pending.

40. For all the above-and-foregoing reasons, removal of this action from Superior Court in and for Orange County, California,
to the United States District Court for the Central District of California, Western Division, is proper pursuant to all relevant statues and law.

Respectfully Submitted,

By: _____
SOUSAN LOFTIAN

**In propia persona**

SUPERIOR COURT OF CALIFORNIA
ORANGE COUNTY
23141 Moulton PARKWAY
Laguna Hills, CA 92653



567.CRT30-20110811.S11
SOUSAN LOFTIAN
149 BRIARWOOD LANE
LAGUNA HILLS, CALIFORNIA 92656

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Harbor Justice Center - Laguna Hills
23141 Moulton PARKWAY
Laguna Hills, CA 92653

SHORT TITLE:  SUNCOAST NOVA LLC AS TRUSTEE FOR BRIARWOOD TRUST #149 VS. LOFTIAN

| **NOTICE THAT YOU HAVE BEEN SUED**<br>**Limited Civil- Unlawful Detainer** | CASE NUMBER:<br>**30-2011-00498721-CL-UD-HLH** |
|---|---|

A lawsuit has been filed against you by your landlord or the owner of the property where you live. YOU MAY BE EVICTED AS A RESULT OF THIS LAWSUIT.

Under the law, a limited number of people can look at the court records about this case for the next 60 days. These include the court index, register of actions, and other court records.  You, your lawyer (if you have one), your landlord or property owner, and his or her attorney can view this information. The court file can also be seen by any other person who can

(1)  tell the court clerk the name of one plaintiff (the person suing you) and one defendant (you or any other tenant). That person must also tell the court clerk your address, including the apartment, unit, or space number, or

(2)  tell the court clerk the name of the plaintiff (the person suing you) or a defendant (usually a tenant) in this lawsuit, or the case number **and** can show proper identification that proves that he or she lives at the address described in the complaint, or

(3)  if the person wanting to view the file gets an order from a judge (this may be done without a court hearing).

**COURT STAFF CANNOT GIVE YOU LEGAL ADVICE. FOR LEGAL ADVICE, YOU MAY CALL:**
**PARA CONSEJO LEGAL EN SU CASO, USTED PUEDE LLAMAR:**

**Orange County Bar Association Lawyer Referral Service -  (949) 440-6747**

**Legal Aid Society of Orange County (Low Income Requirement)**
**(714) 571-5200**

**NOTICE THAT YOU HAVE BEEN SUED**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Harbor Justice Center - Laguna Hills
23141 Moulton PARKWAY
Laguna Hills, CA 92653

SHORT TITLE: SUNCOAST NOVA LLC AS TRUSTEE FOR BRIARWOOD TRUST #149 VS. LOFTIAN

| **NOTICE THAT YOU HAVE BEEN SUED**<br>Limited Civil- Unlawful Detainer | CASE NUMBER:<br>30-2011-00498721-CL-UD-HLH |
|---|---|

A lawsuit has been filed against you by your landlord or the owner of the property where you live. YOU MAY BE EVICTED AS A RESULT OF THIS LAWSUIT.

Under the law, a limited number of people can look at the court records about this case for the next 60 days. These include the court index, register of actions, and other court records.  You, your lawyer (if you have one), your landlord or property owner, and his or her attorney can view this information. The court file can also be seen by any other person who can

    (1)   tell the court clerk the name of one plaintiff (the person suing you) and one defendant (you or any other tenant). That person must also tell the court clerk your address, including the apartment, unit, or space number, or

    (2)   tell the court clerk the name of the plaintiff (the person suing you) or a defendant (usually a tenant) in this lawsuit, or the case number **and** can show proper identification that proves that he or she lives at the address described in the complaint, or

    (3)   if the person wanting to view the file gets an order from a judge (this may be done without a court hearing).

**COURT STAFF CANNOT GIVE YOU LEGAL ADVICE. FOR LEGAL ADVICE, YOU MAY CALL:**
**PARA CONSEJO LEGAL EN SU CASO, USTED PUEDE LLAMAR:**

**Orange County Bar Association Lawyer Referral Service -  (949) 440-6747**

**Legal Aid Society of Orange County (Low Income Requirement)**
**(714) 571-5200**

**Page: 1**

## NOTICE THAT YOU HAVE BEEN SUED

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Harbor Justice Center - Laguna Hills
23141 Moulton PARKWAY
Laguna Hills, CA 92653

SHORT TITLE:  SUNCOAST NOVA LLC AS TRUSTEE FOR BRIARWOOD TRUST #149 VS. LOFTIAN

| NOTICE THAT YOU HAVE BEEN SUED<br>Limited Civil- Unlawful Detainer | CASE NUMBER:<br>30-2011-00498721-CL-UD-HLH |
|---|---|

A lawsuit has been filed against you by your landlord or the owner of the property where you live. YOU MAY BE EVICTED AS A RESULT OF THIS LAWSUIT.

Under the law, a limited number of people can look at the court records about this case for the next 60 days. These include the court index, register of actions, and other court records.  You, your lawyer (if you have one), your landlord or property owner, and his or her attorney can view this information. The court file can also be seen by any other person who can

(1)  tell the court clerk the name of one plaintiff (the person suing you) and one defendant (you or any other tenant). That person must also tell the court clerk your address, including the apartment, unit, or space number, or

(2)  tell the court clerk the name of the plaintiff (the person suing you) or a defendant (usually a tenant) in this lawsuit, or the case number **and** can show proper identification that proves that he or she lives at the address described in the complaint, or

(3)  if the person wanting to view the file gets an order from a judge (this may be done without a court hearing).

**COURT STAFF CANNOT GIVE YOU LEGAL ADVICE. FOR LEGAL ADVICE, YOU MAY CALL:**
**PARA CONSEJO LEGAL EN SU CASO, USTED PUEDE LLAMAR:**

**Orange County Bar Association Lawyer Referral Service -  (949) 440-6747**

**Legal Aid Society of Orange County (Low Income Requirement)**
**(714) 571-5200**

**NOTICE THAT YOU HAVE BEEN SUED**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Harbor Justice Center - Laguna Hills
23141 Moulton PARKWAY
Laguna Hills, CA 92653

**SHORT TITLE:** SUNCOAST NOVA LLC AS TRUSTEE FOR BRIARWOOD TRUST #149 VS. LOFTIAN

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2011-00498721-CL-UD-HLH** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>NOTICE THAT YOU HAVE BEEN SUED</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Laguna Hills</u>, <u>California</u> on <u>08/10/2011</u>. The mailing occurred at <u>Sacramento</u>, <u>California</u> on <u>08/11/2011</u>.

Clerk of the Court, by: _Teresa Wojnar_____ , Deputy

ALL OCCUPANTS
149 BRIARWOOD LANE
LAGUNA HILLS, CALIFORNIA 92656

SOUSAN LOFTIAN
149 BRIARWOOD LANE
LAGUNA HILLS, CALIFORNIA 92656



SUM-130

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE CENTER
LAGUNA HILLS FACILITY

AUG 1 0 2011

ALAN CARLSON, Clerk of the Court

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Sousan Loftian, an individual, and Does 1 to 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Suncoast Nova LLC as Trustee for Briarwood Trust #149

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

30-2011

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*

   CASE NUMBER:
   *(Número de Caso):* 00 498721

   Superior Court, County of Orange, Harbor Justice Center, 23141 Moulton Pkwy., Laguna Hills, CA 92653

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

   Micole Simis, 27372 Aliso Creek Rd., Ste 230, Aliso Viejo, CA 92656  [949-599-1728]

3. *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400–6415)  [✓] did **not**  [ ] did
   for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: **AUG 1 0 2011**                    Clerk, by                                              , Deputy
*(Fecha)*        **ALAN CARLSON**    *(Secretario)*  **T. Wojnar**        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [✗] as an occupant
   d. [ ] on behalf of *(specify)*:
      under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
             [✗] CCP 415.46 (occupant)            [ ] other *(specify)*:
5. [ ] by personal delivery on *(date)*:

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

SUMMONS—UNLAWFUL DETAINER—EVICTION

Code of Civil Procedure, §§ 412.20, 415.456, 1167
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-130

| PLAINTIFF *(Name):* Suncoast Nova LLC as Trustee for Briarwood Trust # | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* Sousan Loftian and Does 1 to 10 | |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:


   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date):*

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.
1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address)*:

TELEPHONE NO.:

FOR COURT USE ONLY

ATTORNEY FOR *(Name)*:

**NAME OF COURT:** Orange
STREET ADDRESS: 23141 Moulton Pkwy.
MAILING ADDRESS: 23141 Moulton Pkwy.
CITY AND ZIP CODE: Laguna Hills, CA 92653
BRANCH NAME: Harbor Justice Center- Laguna Hills
PLAINTIFF: Suncoast Nova LLC as Trustee for Briarwood Trust #

DEFENDANT: Sousan Loftian and Does 1 to 10

| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: 30-2011-00498721 |
|---|---|

| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.<br>3. You still occupy the premises. | (To be completed by the process server)<br>DATE OF SERVICE:<br>*(Date that this form is served or delivered, and posted, and mailed by the officer or process server)* |
|---|---|

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify)*:

2. I reside at *(street address, unit No., city and ZIP code)*:

3. The address of "the premises" subject to this claim is *(address)*:

4. On *(insert date)*: 8-10-11 , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is the court filing date on the accompanying Summons and Complaint.*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $                or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5 [New January 1, 1991]

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Code of Civil Procedure §§ 415.46, 715.010, 715.020, 1174.25

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF *(Name):* Suncoast Nova LLC as Trustee for Briarwood Trust # | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* Sousan Loftian and Does 1 to 10 | |

**NOTICE: If you fail to file this claim, you will be evicted without further hearing.**

11. *(Response required within five days after you file this form)* I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

12. **Rental agreement. I have** *(check all that apply to you):*
   a. ☐ an oral rental agreement with the landlord.
   b. ☐ a written rental agreement with the landlord.
   c. ☐ an oral rental agreement with a person other than the landlord.
   d. ☐ a written rental agreement with a person other than the landlord.
   e. ☐ other *(explain):*

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF CLAIMANT)

**NOTICE:** If you file this claim of right to possession, the unlawful detainer (eviction) action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**
   **1. You are NOT named in the accompanying Summons and Complaint.**
   **2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.** *(The date is the court filing date on the accompanying Summons and Complaint.)*
   **3. You still occupy the premises.**

*(Where to file this form)*   You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the reverse of this form) at the court where the unlawful detainer (eviction) complaint was filed.

*(What will happen if you do not file this form)*   If you do not complete and submit this form and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you will be evicted without a hearing.*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Micole Simis (SBN:220736)<br>27372 Aliso Creek Rd., Ste 230<br>Aliso Viejo, CA 92656<br><br>TELEPHONE NO.: 949-599-1728    FAX NO.: 949-272-4040<br>ATTORNEY FOR *(Name):* Suncoast Nova LLC as Trustee for Briarwood Trust #149 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>HARBOR JUSTICE CENTER<br>LAGUNA HILLS FACILITY<br><br>AUG 10 2011<br><br>ALAN CARLSON, Clerk of the Court<br>BY_____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 23141 Moulton Pkwy.
MAILING ADDRESS: 23141 Moulton Pkwy.
CITY AND ZIP CODE: Laguna Hills, CA 92653
BRANCH NAME: Harbor Justice Center- Laguna Hills

CASE NAME:
Suncoast v. Loftian and Does 1 to 10

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 30-2011 |
|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 00498721<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☑ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  unlawful detainer (one)
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8/9/11
Micole Simis
_____
(TYPE OR PRINT NAME)                              ►_____
                                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

MICOLE SIMIS (SBN: 220736)
SIMIS LAW GROUP
27372 Aliso Creek Rd., Ste. 230
Aliso Viejo, CA 92656
Telephone:  (949) 599-1728
Facsimile:  (949) 272-4040
info@simislaw.com

Attorneys for Plaintiffs
SUNCOAST NOVA LLC AS TRUSTEE FOR BRIARWOOD TRUST #149

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE CENTER
LAGUNA HILLS FACILITY

AUG 1 0 2011

ALAN CARLSON, Clerk of the Court

BY:_____,DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
HARBOR JUSTICE CENTER-LAGUNA HILLS

| | |
|---|---|
| SUNCOAST NOVA LLC AS TRUSTEE FOR BRIARWOOD TRUST #149 <br><br> Plaintiffs, <br><br> vs. <br><br> SOUSAN LOFTIAN, an individual, and DOES 1 to 10, inclusive. <br><br> Defendants. | CASE NO.: 30-2011 00498721 <br><br> **LIMITED CIVIL CASE** <br><br> **VERIFIED COMPLAINT FOR UNLAWFUL DETAINER** <br> **(Action based on California Code of Civil Procedure Section 1161a)** <br><br> **AMOUNT DEMANDED DOES NOT EXCEED $10,000.00** |

Plaintiff alleges:

1.    This court is the proper court for the trial of this action because:

a.    Each Defendant resides and/or conducts business in the area served by this Court;

b.    The real property which is the subject of this action, 149 Briarwood Ln., Laguna Hills, CA 92656 (hereinafter "the Property"), is located in the area served by this Court; and

c.    The amount of damages claimed in this action does not exceed $10,000.00.

2.    Plaintiff is informed and believes and upon such information and belief alleges that Defendant SOUSAN LOFTIAN, (hereinafter "Defendant") at all times herein mentioned was, and currently is, a resident of the City of Laguna Hills, County of Orange, State of

-1-
COMPLAINT-UNLAWFUL DETAINER

SIMIS LAW GROUP
31877 Del Obisbo St., Suite 201
San Juan Capistrano, CA 92675
Telephone (949)599-1728 Facsimile (949) 272-4040

California.

3.    The true names and capacities of Does 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues such Defendant(s) under such fictitious names pursuant to Section 474 of the <u>Code of Civil Procedure</u>. Plaintiff is informed and believes, and on such information and belief, alleges that each such "Doe" Defendant is in possession of the Property, without the permission or consent of Plaintiff, and Plaintiff will amend this complaint to state the true names and capacities of said Defendant(s) when the same have been ascertained.

4.    Plaintiff is the owner of and entitled to immediate possession of the Property. Defendant, and each of them, are and remain in possession of the Property.

5.    On or about July 15, 2011 the Property was sold to Plaintiff at a trustee's sale following foreclosure proceedings.  The trustee's sale was conducted under power of sale contained in a deed of trust executed by Defendant with default thereunder, notice of such default, notice of election to sell, purchase by Plaintiff at the sale, and title under said sale thereafter duly perfected in Plaintiff.  Said foreclosure and all notices preceding said foreclosure were done in compliance with Section 2924 et. Seq. of the California <u>Civil Code</u>.

6.    On August 4, 2011 in the manner provided by law, Plaintiff caused to be served on Defendant(s), and each of them, a notice to quit at the Property by posting and mailing a copy of the notice to Defendant(s), and each of them, at the Property because no person of suitable age or discretion could be found there.  A true and correct copy of the Notice is attached to this Complaint collectively as Exhibit "A", and incorporated by this reference.

7.    Plaintiff is informed and believes and upon such information and belief alleges that Defendants and Does 1 to 10 are unlawfully occupying the Property and that Defendants and Does 1 to 10 are not bona fide tenants pursuant to Section 702(b)(1),(2), and (3) of Title VII of the federal Protecting Tenants at Foreclosure Act.

8.    More than three (3) days have elapsed since the service of the Notice, but Defendants have failed and refused to deliver up possession of the Property.

9.    Defendants continue in possession of the Property without Plaintiff's permission or consent.

SIMIS LAW GROUP
31877 Del Obisbo St., Suite 201
San Juan Capistrano, CA  92675
Telephone (949)599-1728 Facsimile (949) 272-4040

10.    Defendant(s) hold(s) over and continue(s) in possession of the Property willfully, intentionally and deliberately without permission or consent of Plaintiff, and Plaintiff is entitled to immediate possession of the Property.

11.    The reasonable value of the use and occupancy of the Property is the sum of at least $53.00 per day, and damages to Plaintiff caused by Defendant's unlawful detention thereof has accrued at said rate since August 4, 2011 and will continue to accrue at said rate to the date of judgment.

WHEREFORE, Plaintiff prays for judgment against Defendant(s) as follows:

1.    For restitution and possession of the Property;

2.    For damages in the amount of at least $53.00 per day from August 4, 2011 to the date of judgment;

3.    For costs of suit; and,

4.    For such other and further relief as the court may deem just and proper.

Dated: August 9, 2011                           SIMIS LAW GROUP


By: _____
Nicole E. Simis
Attorneys for Plaintiffs
SUNCOAST NOVA LLC AS TRUSTEE
FOR BRIARWOOD TRUST #149

SIMIS LAW GROUP
31877 Del Obisbo St., Suite 201
San Juan Capistrano, CA 92675
Telephone (949)599-1728 Facsimile (949) 272-4040

-3-

## VERIFICATION

I, the undersigned, say:

I am a managing member of SUNCOAST NOVA LLC AS TRUSTEE FOR BRIARWOOD TRUST #149, a party to this action, and I am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____8/9/11_____ at Aliso Viejo, California.


By: _____
     Grant Doelp

-1-

# THREE DAY NOTICE TO QUIT

(Foreclosure Holdover- C.C.P. 1161a)

Notice to occupant to vacate premises located at:

 149 briarwood ln, Laguna Hills, Ca, 92656 _____

**TO:** SOUSAN LOFTIAN _____

and Does 1 to 10 inclusive, all occupants and any other persons in possession of the above-referenced address:

**THIS IS THE FIRST STEP IN A LAWSUIT AGAINST YOU. YOUR FAILURE TO VACATE THE REAL PROPERTY AS SPECIFIED BELOW WILL RESULT IN A LAWSUIT BEING FILED AGAINST YOU.**

The above-referenced real property ("Property") was sold in accordance with section 2924 of the California Civil Code under a power of sale contained in a deed of trust securing said Property, and title under the sale has been duly perfected. The new owner seeks in good faith to recover possession of the Property.

PLEASE TAKE NOTICE THAT within three (3) days after service upon you of this notice, you are hereby required to quit, vacate, remove, surrender and deliver possession of the Property now held and occupied by you to the undersigned who is authorized to receive same. If you fail to quit possession of the premises within the (3) days allowed by law, the undersigned will institute legal proceedings against you to recover possession of the Property, recover holdover damages, statutory damages, and costs of suit.

THIS NOTICE is given pursuant to Sections 1161a and 1161b of the California Code of Civil Procedure.

You are hereby notified that a negative credit report may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit or legal obligations.

DATED: this  4    day of August, 2011

Owner:    Suncoast Nova, LLC _____

Attorneys for owner:                      Agent for owner:
MICOLE E. SIMIS                           _[name]_____
SIMIS LAW GROUP                           _[phone]_____
31877 Del Obispo St., Suite 201           _[fax]_____
San Juan Capistrano, California 92675
(949) 599-1728 (telephone)
(949) 272-4040 (facsimile)
info@simislaw.com (email)

# DECLARATION OF SERVICE OF NOTICE

Name of occupant(s): **SOUSAN LOTFIAN**

Name of person served (if other then occupant):

Place of service: **149 briarwood ln, Laguna hills, Ca, 92656**

Date and time of service: **8/4/2011 10:09:34 AM**

I, the undersigned, being at least 18 years of age, declare under penalty of perjury under the laws of the State of California that I served the attached notice(s), of which this is a true copy, on the occupant(s) named above in the manner indicated below:

☐ By delivering it personally to one or more of the occupant(s) named above.

[If unable to serve the occupant(s) personally after making a diligent effort to do so, including at least three (3) attempts at different times or on different days at the premises of the occupant(s), or, if unknown, at the occupant(s) place of business.]

☐ By leaving a copy with a person of suitable age and discretion at the occupant(s) place of residence/ business, the occupant(s) being absent there from, and thereafter mailing a copy in a sealed envelope, by first class mail, postage prepaid, addressed to the occupant(s) at their place of residence.

☒ By affixing a copy to the front door of the premises identified above and by sending a copy in a sealed envelope, by first class mail, postage prepaid, addressed to the occupant(s) at the premises identified above, in as much as the occupant(s) actual place of residence or business cannot be ascertained and/or a person of suitable age and discretion cannot be found at the occupant(s) premises or business.

Executed this **4** day of **August,2011**, at **Laguna hills**, California.

DECLARANT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## SACV11- 1486 JST (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> SUNCOAST NOVA LLC AS TRUSTEE FOR BRIARWOOD TRUST #149 | **DEFENDANTS** SOUSAN LOFTIAN <br> 149 BRIARWOOD LN. <br> LAGUNA HILLS, CA. 92656 <br> (949) 212-4714 <br><br> **DEFENDANTS, IN PRO PER** |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> MICOLE SIMIS ( SBN: 220736 )     (949) 599-1728 <br> SIMIS LAW GROUP     FAX (949) 272 4040 <br> 27372 Aliso Creek Rd., Ste. 230 <br> Aliso Viejo, CA. 92656     info@simislaw.com | Attorneys (If Known) SOUSAN LOFTIAN <br> 149 BRIARWOOD LN. <br> LAGUNA HILLS, CA. 92656 <br> (949) 212-4714 <br><br> **DEFENDANTS, IN PRO PER** |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:     JURY DEMAND:** ☐ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | 130 Miller Act | ☐ 320 Assault, Libel & Slander | 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**SACV11-01486**

**FOR OFFICE USE ONLY:**     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                 ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                 ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                 ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| | Orange |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Orange | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Orange | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Jovan Coffee_   Date  _9/23/11_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |